IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT G. WINGO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:08:CV-00368 |
| | ) | |
| THYSSENKRUPP MATERIALS NA, INC., | ) | Honorable Samuel Der-Yeghiayan |
| d/b/a COPPER and BRASS SALES, INC. | ) | Magistrate Judge Schenkier |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant ThyssenKrupp Materials NA, Inc., d/b/a Copper and Brass Sales, Inc. ("Copper and Brass" or "the Company"), by and through its attorneys, Quarles and Brady, LLP and Honigman Miller Schwartz and Cohn LLP, hereby moves for summary judgment, pursuant to Fed. R. Civ. P. 56, against Plaintiff Robert G. Wingo ("Plaintiff"). Summary judgment is appropriate because there is no genuine issue of material fact, and Copper and Brass is entitled to judgment as a matter of law. In support of its motion, Copper and Brass states:

1. On January 16, 2008, Plaintiff filed the instant lawsuit, alleging a claim for age discrimination under the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. § 621, *et seq.*

2. Plaintiff is a former warehouse clerk at Copper and Brass's Schaumburg, Illinois warehouse who had a lengthy disciplinary history over many years. On December 3, 2007, Copper and Brass terminated Plaintiff's employment after determining that he falsely indicated on November 28 and 29, 2007 that he had

      completed work orders that had been completed and packed by other employees, which violated the work rule prohibiting falsifying Company documents or records.

3. Plaintiff admits that falsifying Company documents justifies termination for a first offense under the Company's work rules established pursuant to the applicable collective bargaining agreement ("CBA") with Plaintiff's union, Teamsters Local 714.

4. Plaintiff also admits that Copper and Brass was justified in issuing nearly all of the discipline he received during his employment. Most of these disciplines addressed Plaintiff's repeated errors in when processing work orders -- a key responsibility of his position as a warehouse clerk.

5. Plaintiff testified at his deposition that any alleged discrimination involves two discrete actions: (a) a one-day suspension he received on October 10, 2007; and (b) his termination.

6. Plaintiff is unable to produce any evidence; direct or circumstantial, that Copper and Brass somehow discriminated against him because of his age in violation of the ADEA.

7. Plaintiff similarly cannot establish his age discrimination claim with indirect evidence. He cannot establish a *prima facie* case because Plaintiff cannot show: (a) that he was performing at a level that met Copper and Brass's legitimate expectations; (b) that he was treated differently than similarly situated persons outside of his protected class; or (c) replacement.

8. Even if Plaintiff could somehow state a *prima facie* case of age discrimination -- which he cannot -- he cannot establish that Copper and Brass's legitimate nondiscriminatory reason for his termination (falsifying Company documents/records on two consecutive days) is pretext for unlawful discrimination.

9. For the above reasons, Copper and Brass is entitled to summary judgment in its favor on Plaintiff's claim of age discrimination.

10. Copper and Brass submits its memorandum of law, statement of undisputed facts, supporting exhibits and affidavit in support of this motion.

WHEREFORE, ThyssenKrupp Materials NA, Inc., d/b/a Copper and Brass Sales, Inc. requests that this Court grant its motion for summary judgment and award it costs, including attorney's fees, incurred in filing its motion.

Respectfully submitted,

DATED: July 18, 2008        THYSSENKRUPP MATERIALS NA, INC.,
d/b/a Copper Brass and Sales, Inc.


By:    /s Russell S. Linden
         One of its Attorneys


Russell S. Linden
Admitted *pro hac vice*
2290 First National Building
660 Woodward Avenue, Suite 2290
Detroit, Michigan 48226
(313) 465-7466

Jeffrey S. Piell, Esq
Quarles & Brady LLP
500 West Madison Street, Suite 3700
Chicago, IL 60661
(312) 715-5000

## CERTIFICATE OF SERVICE

RUSSELL S. LINDEN states that on July 18, 2008, he caused a copy of **Defendant's Motion for Summary Judgment,** along with this **Certificate of Service**, to be served via the electronic notification system of the United States District Court for the Northern District of Illinois Eastern Division to the e-mail address listed below:

Lisa Kane, Esq.
Lisa Kane & Associates, P.C.
lisakane@sbcglobal.net

                                                s/Russell S. Linden
                                                RUSSELL S. LINDEN

DETROIT.3202362.2