LEXSEE 1999 U.S.DIST. LEXIS 16846

KAUSE v. THE ALBERTO-CULVER COMPANY

97 C 3085

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

*1999 U.S. Dist. LEXIS 16846*

October 14, 1999, Decided
October 18, 1999, Date Docketed

**DISPOSITION:** [*1] Defendant's second motion for summary judgment denied without prejudice.

**COUNSEL:** For PAMELA M KAUSE, plaintiff: Kenneth A. Jatczak, Anthony T. Capua, John P. De Rose & Associates, John P DeRose, John P. Derose and Associates, Burr Ridge, IL.

For ALBERTO-CULVER COMPANY, defendant: John Peirce Morrison, Emma B. Rodriguez Brittain, Bell, Boyd & Lloyd, Chicago, IL.

**JUDGES:** Joan B. Gottschall, United States District Judge.

**OPINION BY:** Joan B. Gottschall

**OPINION**

### JUDGE JOAN B. GOTTSCHALL'S

*Standing Order Regarding Motions for Summary Judgment*

Failure of the parties to heed the requirements of *Rule 56 of the Federal Rules of Civil Procedure* and Local General Rules 56.1(a) and 56.1(b) (formerly Local Rules 12(M) and 12(N)) greatly complicates this court's consideration of motions for summary judgment. Because these motions are frequently important and helpful in avoiding unnecessary trials and in focusing and/or reducing the issues at trial, the following clarifications and refinements of Local General Rules 56.1(a) and 56.1(b) are applicable in all civil cases before the undersigned judge.

### I. *Moving Party*

In addition to the motion for summary judgment itself, *Local Rule 56.1(a)(1)* [*2] requires a compendium of affidavits, depositions, and other materials relied upon in support of the movant's position. Because of the bulk of these submissions, the movant shall be required to *bind* the 56.1(a)(1) documents and each such document shall be *tabbed*. No particular form of binding is required except that whatever method is used should be secure.

*Local Rule 56.1(a)(2)* requires a supporting memorandum of law. It is in this document (as opposed to the statement of uncontested facts), that all arguments should be located. It is very helpful if citations to facts in the memorandum are to both the 56.1(a)(1) documents establishing the fact *and* to the 56.1(a)(3) statement.

*Local Rule 56.1(a)(3)* requires a statement of material facts upon which the movant relies and as to which the movant believes there is no dispute. This statement shall consist of *short numbered* paragraphs, including within each paragraph *specific* references to affidavits, parts of the record, transcript excerpts and other supporting material. Failure to submit a Rule 56.1(a)(3) statement in conformity with this rule constitutes grounds for denial of the motion. Similarly, [*3] if the movant submits a 56.1(a)(3) statement that does not include specific evidentiary support for a given purported "material fact," thereof, that "fact" may be disregarded.

*No argument of counsel should be included in this document.* **The facts included in the 56.1(a)(3) statement should be limited to actual facts; argument**

**masquerading as fact will not be considered by the court. All argument on both factual and legal issues should be addressed in the memorandum.**

Frequently, the party opposing the motion for summary judgment will not dispute a fact, but rather, the inference drawn from that fact by the moving party. In order to avoid unnecessary disputes about "facts," the movant should refrain from including inferences in the 56.1(a)(3) statement. The reasonableness of inferences can best be addressed in the 56.1(a)(2) memorandum, rather than by asserting them as "facts" in the 56.1(a)(3) statement. **"Loading up" the 56.1(a)(3) statement with inferences may result in denial of the motion on that ground alone.**

The following is an example of how a fact should be set forth in a Rule 56.1(a)(3) statement:

> 6. On April 6, 1994, John Jones told Sam Smith that [*4] he had voluntarily quit his job. Tab "G" - Deposition transcript of John Jones at p.6, lines 22-32.

**II.** *Opposing Party* **(Answer to motion for summary judgment)**

*Local Rule 56.1(b)(1)* requires a compendium of affidavits, deposition excerpts, and other material relied upon in opposition to the motion similar to that filed by the movant pursuant to Rule 56.1(a)(1). As with the 56.1(a)(1) submission, these documents must be tabbed and bound in a secure manner.

*Local Rule 56.1(b)(2)* requires a memorandum of law. This is the document in which all argument should be contained. As with the 56.1(a)(2) memorandum, citations to facts in the memorandum should be to both the 56.1(b)(1) documents and to the applicable portion of the 56.1(b)(3) statement.

*Local Rule 56.1(b)(3)(A)* requires a statement in response to the movant's statement of uncontested material facts [56.1(a)(3)]. If the opposing party disputes a fact from the 56.1(a)(3) statement, the appropriate response is to state the denial and then cite specifically to affidavits, documents, transcript excerpts, or other materials which contradict that asserted fact. If the opposing party *does* [*5] *not dispute* a fact asserted by the movant, he/she should state that. The following is an example of the format of the 56.1(b)(3)(A) statement:

> 5. Undisputed.
>
> 6. Disputed. See Tab "G" - (Movant's 56.1(a)(1) statement) at page 9, lines 2-7; Tab 6 (Opposing Party's 56.1(b)(1) statement) - deposition of Sam Smith at p. 34, lines 20-33.

If the opposing party does not dispute the fact, but rather the inference to be drawn therefrom, the fact should be listed as undisputed and the inference argued in the memorandum. **NO ARGUMENT SHOULD BE CONTAINED IN THE 56.1(b)(3) STATEMENT.** (See discussion of Rule 56.1(a)(3).)

*Local Rule 56(b)(3)(B)* If the party opposing the motion wishes to add any additional facts, he/she may include a statement of additional facts. These facts should follow the format of the 56.1(a)(3) statement. The moving party may contest the additional facts contained in the 56.1(b)(3)(B) statement in the manner described in Rule 56.1(b)(3)(A).

*SUMMARY*

1. Read *Rule 56 of the Federal Rules of Civil Procedure* and Local General Rules 56.1(a) and 56.1(b).

2. Do *not* include argument in the form of inferences in [*6] the statement of uncontested material facts or in the statement of contested material facts.

3. Facts must be set forth in *short* numbered paragraphs, generally limited to one fact per paragraph.

4. All references to affidavits, parts of the record, transcript excerpts, and other materials must be specific. For example, a reference to a transcript that does not include the page and line numbers is not a "specific" reference. The court *will not* search a multi-page document nor guess as to which language in a document the party relies upon.

5. An asserted statement of fact requires the opposing party to

acknowledge that fact or to cite to other (contradictory) facts in the materials in order to demonstrate a real factual dispute.

6. All affidavits, transcripts, and other materials referred to in *Rule 56(e)*, Local Rules 56.1(a)(1) and 56.1(b)(1) must be bound and tabbed.

**ENTER:**

Joan B. Gottschall

United States District Judge

Dated: October 14, 1999