LEXSEE 2006 U.S.DIST.LEXIS 72064

**JEFFREY DAOUST, Plaintiff, v. ABBOTT LABORATORIES, Defendant.**

**No. 05 C 6018**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

*2006 U.S. Dist. LEXIS 72064*

**September 19, 2006, Decided
September 19, 2006, Filed**

**SUBSEQUENT HISTORY:** Later proceeding at *Daoust v. Abbott Labs., 2007 U.S. Dist. LEXIS 2138 (N.D. Ill., Jan. 11, 2007)*

**COUNSEL:** [*1] For Jeffrey Daoust, Plaintiff: Lisa R. Kane, Janice A. Wegner, Lisa Kane & Associates, Chicago, IL; Kevin R. Vodak, Lisa Kane & Associates, P.C., Chicago, IL.

For Abbott Laboratories, Defendant: Michael H. Cramer, Michael D. Ray, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., Chicago, IL.

**JUDGES:** JAMES F. HOLDERMAN, Chief Judge.

**OPINION BY:** JAMES F. HOLDERMAN

**OPINION**

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

Plaintiff Jeffrey Daoust ("Daoust") filed a one-count Complaint on October 19, 2005, invoking this court's diversity jurisdiction pursuant to *28 U.S.C. § 1332*, against defendant Abbott Laboratories ("Abbott Labs"), alleging a claim of retaliatory discharge in contravention of Illinois law. (Dkt. No. 1). On August 7, 2006, Abbott Labs filed Defendant's Motion for Summary Judgment, along with Defendant's Memorandum of Law in Support of its Motion for Summary Judgment and Defendant's *Local Rule 56.1* Statement of Material Facts to Which There Is No Genuine Dispute. (Dkt. Nos. 30-1, 30-2, 30-3). Daoust filed Plaintiff's Motion to Strike Defendant's Motion for Summary Judgment (Dkt. No. 32), and the court ordered Abbott Labs' response, suspending [*2] the briefing schedule on the original motion for summary judgment. (Dkt. No. 40). Abbott Labs filed Defendant's Response to Plaintiff's Motion to Strike Defendant's Motion for Summary Judgment on September 11, 2006 (Dkt. No. 41), and the next day filed Defendant's Motion to Strike Portions of Plaintiff's 56.1(b) Statement of Material Facts. (Dkt. No. 43). For reasons discussed below, the court grants Daoust's Motion to Strike Defendant's Motion for Summary Judgment. Abbott Labs' Motion to Strike Portions of Plaintiff's 56.1(b) Statement of Material Facts is therefore moot.

LEGAL STANDARD

Under *Federal Rule of Civil Procedure 56(c)*, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Fed. R. Civ. P. 56(c)*. The court's sole function in addressing a motion for summary judgment is to determine whether there is a genuine issue of fact that requires trial. *Waldridge v. Am. Hoechst Corp., 24 F.3d 918, 920 (7th Cir. 2004)* [*3] (citing *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986))*.

In the Northern District of Illinois, *Local Rule 56.1* [1] guides the parties through the summary judgment process, outlining the procedures for setting facts before

the court in the manner most helpful to the court's determination of whether there is a factual dispute for trial. *See Brown v. GES Exposition Servs., 2006 U.S. Dist. LEXIS 15034, 03 C 3921, 2006 WL 861174, at *1 (N.D. Ill. Mar. 31, 2006)* ("The purpose of *Local Rule 56.1* is to isolate legitimately disputed facts and assist the court in its summary judgment determination."). Through "organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side propose[s] to prove a disputed fact with admissible evidence," *Rule 56.1* distills the evidence uncovered during discovery into its essential components. *Bordelon v. Chicago Sch. Reform Bd of Tr., 233 F.3d 524, 527 (7th Cir. 2000)*.

1  *Local Rule 56.1* provides:

> a) Moving Party. With each motion for summary judgment filed pursuant to *Fed.R.Civ.P. 56* the moving party shall serve and file--
>
> (1) any affidavits and other materials referred to in *Fed.R.Civ.P. 56(e)(2)* a supporting memorandum of law; and
>
> (3) a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law, and that also includes:
>
>> (A) a description of the parties, and
>>
>> (B) all facts supporting venue and jurisdiction in this court.
>
> The statement referred to in (3) shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph. Failure to submit such a statement constitutes grounds for denial of the motion. Absent prior leave of Court, a movant shall not file more than 80 separately-numbered statements of undisputed material fact.
>
> If additional material facts are submitted by the opposing party pursuant to section (b), the moving party may submit a concise reply in the form prescribed in that section for a response. All material facts set forth in the statement filed pursuant to section (b)(3)(B) will be deemed admitted unless controverted by the statement of the moving party.
>
> (b) Opposing Party. Each party opposing a motion filed pursuant to *Fed.R.Civ.P. 56* shall serve and file--
>
> (1) any opposing affidavits and other materials referred to in *Fed.R.Civ.P. 56(e)(2)* a supporting memorandum of law; and
>
> (3) a concise response to the movant's statement that shall contain:
>
>> (A) numbered paragraphs, each corresponding to and stating a concise summary of the paragraph to which it is directed, and
>>
>> (B) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits,

Case 1:08-cv-00368    Document 29-3    Filed 08/01/2008    Page 3 of 6

Page 3
2006 U.S. Dist. LEXIS 72064, *3

parts of the record, and other supporting materials relied upon, and

(C) a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon. Absent prior leave of Court, a respondent to a summary judgment motion shall not file more than 40 separately-numbered statements of additional facts. All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party.

*N.D. Ill. Local R. 56.1*

[*4] Pursuant to Rule 56.1(a)(3), "movants for summary judgment [are] required to submit in support of their summary-judgment motion a statement of material facts, comprised of short numbered paragraphs with citations to admissible evidence." *Smith v. Lamz, 321 F.3d 680, 682 (7th Cir. 2003)*. Each paragraph "should contain only one or two individual allegations, thereby allowing easy response." *Malec v. Sanford, 191 F.R.D. 581, 583 (N.D. Ill. 2000)*. Additionally, these factual allegations should be both undisputed and necessary to the motion, *i.e.* "material." Committee Comment to *N.D. Ill. Local R. 56.1*. The allegations must include specific references to the factual record, including proper page and paragraph numbers. *Malec, 191 F.R.D. at 583*. Through this type of procedure, *Rule 56.1* serves "the important function [of] organizing the evidence and identifying disputed facts," thus saving the district court the trouble of "scour[ing] the record looking for factual disputes." *Fed. Trade Comm'n v. Bay Area Bus. Council, Inc., 423 F.3d 627, 633-34 (7th Cir. 2005)*.

Moving parties are also required to submit a supporting [*5] memorandum of law with their motion for summary judgment. N.D. Ill. Local R. 56.1(a)(2). In addition to setting forth factual and legal arguments in favor of their motion, parties have a duty to recite their version of the facts in the supporting memorandum. *Malec, 191 F.R.D. at 585*. The memorandum's statement of facts "should inform the Court of the broad circumstances giving rise to the dispute but detail only those facts relevant to the motion." *Id.* Furthermore, citations in the memorandum's statement of facts should be to the 56.1(a) or (b) statement only. *Id. at 586*.

The Seventh Circuit has "consistently and repeatedly upheld a district court's discretion to require strict compliance with its local rules governing summary judgment." *Koszola v. Bd. of Educ. of the City of Chicago, 385 F.3d 1104, 1109 (7th Cir. 2004)*. "Failure to submit [a 56.1(a)(3)] statement constitutes grounds for denial of the motion." N.D. Ill. Local R. 56.1(a).

PROCEDURAL ISSUES RAISED BY ABBOTT LABS' FILING

The question before the court is the proper balance between Abbott Labs' *Local Rule 56.1* Statement of Material Facts to Which There Is No [*6] Genuine Dispute ("56.1(a)(3) statement") and its Memorandum of Law in Support of Its Motion for Summary Judgment. (Dkt. Nos. 30-2, 30-3). In furtherance of this discussion, it is helpful to note the nine paragraphs that represent the entirety of Abbott Labs' two-page 56.1(a)(3) statement:

(1) a statement identifying Daoust as a citizen and resident of the state of Wisconsin;

(2) a statement identifying Abbott Labs as an Illinois corporation;

(3) a statement regarding jurisdiction;

(4) a statement regarding venue;

(5) a statement describing the employment relationship between Daoust and Abbott Labs;

(6) one sentence identifying "an argument or heated discussion in Daoust's office cubicle" between Daoust and his co-worker Tom Stollings on March 25, 2005;

(7) one statement, "During or at the end of this argument or heated discussion, Plaintiff put his hands on Stollings' chest and pushed Stollings backward until Stollings was out of Plaintiff's office area;"

(8) one statement, "Stollings did not push or otherwise touch Daoust;" and

(9) a concluding statement, "Subsequently, Abbott terminated Plaintiff's employment because Plaintiff pushed [*7] Stollings, conduct which Abbott deemed unacceptable."

(Dkt. No. 30-3 at 1-2) (citations to the record omitted). Abbott Labs' fifteen-page Memorandum of Law in Support of Its Motion for Summary Judgment, however, includes a ten-page "statement of facts." (Dkt. No. 30-2 at 2-11). While length alone does not determine the appropriateness of Abbott Labs' filings, the disproportionate size of these two documents raises a red flag to the court and calls for a discussion of the proper role of a 56.1(a)(3) statement.

ANALYSIS

Abbott Labs asserts that its 56.1(a)(3) statement "provides the Court (and Plaintiff) *all* the material facts necessary to decide its Motion for Summary Judgment." (Dkt. No. 41 at 2) (emphasis in original). The court disagrees. Abbott Labs has provided the court with nothing more than a four-sentence overview of its position. [2] Abbott Labs' 56.1(a)(3) statement has not set forth facts to which Daoust can appropriately respond or upon which the court is able to base a ruling. Rather than functioning to expedite the resolution of the case, Abbott Labs' Motion for Summary Judgment and its supporting 56.1(a)(3) statement serve only to waste precious time [*8] and resources. As discussed below, the court has not found Abbott Labs' various attempts to salvage its filing to be persuasive.

> 2   Paragraphs 1-5 describe the parties, jurisdiction, venue, and plaintiff's employment relationship with the defendant.

In response to Daoust's Motion to Strike Defendant's Motion for Summary Judgment, Abbott Labs relies on what it characterizes as its "crucial" Paragraph 9, which states: "Subsequently, Abbott terminated Plaintiff's employment because Plaintiff pushed Stollings, conduct which Abbott deemed unacceptable." (Dkt. No. 41 at 2; Dkt. No. 30-3 at 2). In Abbott Labs' 56.1(a)(3) statement, this sentence is followed by citations to 48 pages of deposition testimony, as well as Abbott Labs' violence policy (in its entirety), Abbott Labs' workplace harassment policy (in its entirety), and the Joint Status Report (in its entirety). (Dkt. No. 30-3 at 2).

Abbott Labs is correct that Paragraph 9 represents the crux of the dispute, but Abbott Labs errs in its belief that a mere statement [*9] of its position amounts to a properly asserted material fact. The purpose of a 56.1 statement is "to provide a mechanism to reliably and efficiently evaluate which facts are actually in dispute." *Alvi v. Metro. Water Reclamation Dist. of Greater Chi.*, 2006 U.S. Dist. LEXIS 45230, No. 04 C 5999, 2006 WL 1762032, at *2 (N.D. Ill. June 23, 2006). In furtherance of this goal, Rule 56.1(a)(3) requires the moving party to make short, concise statements of fact, thus enabling the non-moving party to respond to these facts one by one. *Malec*, 191 F.R.D. at 583 ("[t]hree operative concepts animate this rule: facts, short, and specific"). Abbott Labs' conclusory statement in Paragraph 9 violates this format and renders the entire summary judgment exercise meaningless. Daoust asserts the "fact" that he was fired in retaliation for reporting the incident with Stollings, and it is equally obvious that Abbott Labs argues the "fact" that Daoust was fired for other reasons. However, in order to determine whether Abbott Labs' reasons for terminating Daoust's employment actually violated Illinois law, the court must be put in a position so as to understand the complete circumstances surrounding [*10] Abbott Labs' decision to terminate Daoust. Abbott Labs' 56.1(a)(3) statement is missing material facts such as: who made the

Case 1:08-cv-00368   Document 29-3   Filed 08/01/2008   Page 5 of 6

Page 5
2006 U.S. Dist. LEXIS 72064, *10

termination decision, when this decision was made, what information the decision-maker relied upon, the existence of any relevant workplace policies, the content of any relevant workplace policies, whether any pre-termination investigations or hearings were held, who conducted these hearings, what was discussed at these hearings, whether there are other similarly situated employees at Abbott Labs, and the type of discipline such similarly situated employees have received in the past. *Compare Malec, 191 F.R.D. at 585* ("defendants should have included . . . a discussion of the Board's general decision-making process, the sources of its authority, and the considerations that informed its decision not to promote Malec").

Abbott Labs unfortunately relegates this type of information to its Memorandum of Law in Support of Its Motion for Summary Judgment. (Dkt. No. 30-2 at 11). In that memorandum, Abbott Labs describes in detail its anti-violence and harassment policies, the employment histories of both Daoust and Stollings, the incident in Daoust's [*11] cubicle, and post-incident events such as reporting, investigation, and "the decision to terminate Jeff Daoust." (*Id.*). However, in the ten pages of "facts" in its memorandum, Abbott Labs cites to its 56.1(a)(3) statement only ten times (three of which regard the mere identities of and relationship between the parties). (*Id.* at 2, 3, 5, 6, 8). Abbott Labs does not cite to its 56.1(a)(3) statement at all in its three-page discussion of "the decision to terminate Jeff Daoust." (*Id.* at 9-11).

As discussed above, the Local Rules exist for the purpose of streamlining the summary judgment process. Citing directly to the record in the memorandum statement of facts, as Abbott Labs does here, rather than citing to its 56.1(a)(3) statement, negates the purpose of the summary judgment exercise. Abbott Labs' 56.1(a)(3) statement does not "allow[] easy response," *Malec, 191 F.R.D. at 583*, nor does it enlighten the court as to whether there are actually any disputed facts in this case. Abbott Labs argues that the citations in the memorandum's statement of facts are "supported by the same record citations in the 56.1 [statement of material facts]." (Dkt. No. 41 at [*12] 6). The court should be spared from engaging in this type of guesswork. The aim of a 56.1(a)(3) statement is to organize the arguments, give the plaintiff an opportunity to respond, and economize court resources by lessening the need to "scour the record." *Fed. Trade Comm'n, 423 F.3d at 634*. Abbott Labs' 56.1(a)(3) statement serves none of these purposes, accomplishing nothing at great expense to the plaintiff and the court.

Abbott Labs asserts that it was merely attempting to ensure that only *material* facts were included in its 56.1(a)(3) statement. (Dkt. No. 41 at 3-6). While Abbott Labs is correct that material facts are those which are "outcome determinative," the court is at a loss to understand how Abbott Labs can possibly maintain its position that information such as "whether either employee reported the [March 25, 2005] incident" is "not truly material." (*Id.* at 7, n.7). The essence of Daoust's claim is that Abbott Labs terminated Daoust's employment in retaliation for Daoust's reporting of the incident. (Compl. PP 20-21). There can be no more material fact than whether either employee actually reported the incident. Abbott Labs' attempts to argue [*13] otherwise are baffling to the point of appearing disingenuous. While it is true that Abbott Labs would prevail were the court to find that Abbott Labs had a valid, non-pretextual reason for terminating Daoust, *see Carter v. Tennant Co., 383 F.3d 673, 678 (7th Cir. 2004)*, there is simply no way for the court to make this type of determination on the facts presented by Abbott Labs.

The court recognizes there may be some internal tension in the requirement that the "background" section of the memorandum "should inform the Court of the broad circumstances giving rise to the dispute but detail only those facts relevant to the motion." *Malec, 191 F.R.D. at 585*. This tension is overstated where Abbott Labs failed to include in its 56.1(a)(3) statement the facts necessary to determine the outcome of its motion, instead concluding that the broader circumstances surrounding Daoust's termination consisted of mere "immaterial background facts." (Dkt. No. 41 at 6). Comments to *Rule 56.1* note that the rule's format requirements were designed to avoid the inclusion of facts "unnecessary to the motion." Committee Comment to *N.D. Ill. Local R. 56.1*. However, where [*14] information is relevant and necessary to the summary judgment motion, it must be included in both the 56.1(a)(3) statement and the memorandum's statement of facts. *Malec, 191 F.R.D. at 585*. The circumstances surrounding Daoust's termination are exactly this type of fact.

Abbott Labs next argues that "if Plaintiff deems certain facts not included in Abbott's Rule 56.1(a) statement to be material, he has the right to dispute those facts in his Rule 56.1(b) Statement of Additional Facts."

(Dkt. No. 41 at 7). This assertion fails to recognize the limitations that Rule 56.1(b)(3) places on Daoust's ability to supply missing material facts. The Local Rules state that respondents "shall not file more than 40 separately-numbered statements of additional facts." N.D. Ill. Local R. 56.1(b)(3)(C). This limitation is based "on the requirement of section (a)(3), which requires that only 'material facts' be set down." Committee Comment to *N.D. Ill. Local R. 56.1*. Here, where Abbott Labs has failed to address the allegations against it in a meaningful way, Rule 56.1(b) does not equip Daoust with the resources necessary to carry the burden of putting the case into proper perspective. [*15] Furthermore, Abbott Labs neglects to recognize the limitations placed on Daoust's ability to properly respond to the few facts that are included in Abbott Labs' 56.1(a)(3) statement, specifically those included in paragraph nine. Rule 56.1(b)(3) requires Daoust to respond concisely and directly to Abbott Labs' individual paragraphs. N.D. Ill. Local R. 56.1(b)(3)(A-B). Abbott Labs has set forth what amounts to a blanket denial of Daoust's allegations. It would be unfair, unwise, and unjust to require Daoust to respond to this type of aberrant filing.

Abbott Labs also claims it is concerned with the possible waste of court resources in granting a motion to strike. (Dkt. No. 41 at 2-3) (quoting *RLJCS Enters. v. Prof'l Benefit Trust, Inc., 438 F. Supp. 2d 903, 906 (N.D. Ill. 2006))* ("Motions to strike are generally disfavored except when they serve to expedite."). This is undoubtedly a valid concern in situations, like *RLJCS Enterprises*, where contentious parties are involved in an excessive battle of motions to strike. *See RLJCS Enters., 438 F. Supp. 2d at 906*. However, Abbott Labs' argument against wasting time rings false when its own motion [*16] has cost the plaintiff and the court weeks of effort and essentially "waste[d] the judicial time that summary judgment was intended to save." *Malec, 191 F.R.D. at 583*.

Through summary judgment, Abbott Labs had an opportunity to set before the court all of the facts necessary to support its position; if Daoust did not or could not dispute these facts, the court would then be able to grant the motion in favor of Abbott Labs. Instead of meaningfully engaging in this process, Abbott Labs submitted an overview of its position, while completely disregarding Daoust's allegations. Abbott Labs' 56.1(a)(3) statement did not enable the court to address Daoust's underlying claim. Abbott Labs' motion functioned merely to waste the time and resources of both parties, as well as the court, which has broad discretion to require strict compliance with *Local Rule 56.1. Koszola, 385 F.3d at 1109*.

CONCLUSION

With trial scheduled to begin in approximately eight weeks, the court sees no reason to incur further delay by beginning anew the dispositive motion process. For the reasons discussed above, Daoust's Motion to Strike Defendant's Motion for Summary Judgment [*17] is granted, and Abbott Labs' Motion for Summary Judgment is dismissed in its entirety. The trial date of November 13, 2006 remains in effect. The final pretrial order is due by October 27, 2006. Motions in limine with supporting memoranda are due by October 27, 2006, to be filed separately from the final pretrial order. Responses are due November 1, 2006. The parties are strongly encouraged to discuss settlement.

JAMES F. HOLDERMAN

Chief Judge, United States District Court

Date: September 19, 2006