# EXHIBIT Q

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

ROBERT G. WINGO,

        Plaintiff,

    v.

THYSSENKRUPP MATERIALS NA, INC.,
d/b/a COPPER AND BRASS SALES,

        Defendant.

No.

**FILED**

**JANUARY 16, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

PH

**08 C 368**

Jury Trial Requested

**JUDGE DER-YEGHIAYAN
MAGISTRATE JUDGE SCHENKIER**

### COMPLAINT

NOW COMES Plaintiff, ROBERT G. WINGO, by and through his counsel, LISA KANE

& ASSOCIATES, P.C., and complaining of Defendant, THYSSENKRUPP MATERIALS NA, INC.,

d/b/a COPPER AND BRASS SALES, states as follows:

### PRELIMINARY STATEMENT

1.      This is an action seeking redress for the violation of rights guaranteed to Plaintiff by

the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq.  Plaintiff seeks

mandatory injunctive relief and damages to redress Defendant's discriminatory employment

practices.

### JURISDICTIONAL STATEMENT

2.      Jurisdiction of the court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and

28 U.S.C. § 1331 to secure protection of and to redress deprivation of rights secured by 29 U.S.C.

§ 621 et seq.  Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

### VENUE

3.      Venue is proper under 28 U.S.C. §1391 (b)(1) and (2).

*Wingo π Dep Ex #7.*

1|16|08
1

**PARTIES**

4.    Plaintiff, ROBERT G. WINGO, is a fifty-four (54) year-old United States citizen who resides in Illinois.

5.    Defendant, THYSSENKRUPP MATERIALS NA, INC., d/b/a COPPER AND BRASS SALES, is a corporation properly recognized and sanctioned by the laws of the State of Delaware, and at all times did and continues to do, business in Illinois.  Defendant is subject to the jurisdiction of the Court as an employer within the meaning of 29 U.S.C. § 630(b), as Defendant has continuously and does now employ more than twenty (20) employees and is engaged in an industry that affects commerce.

**PROCEDURE**

6.    Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendant on December 14, 2007.  The EEOC issued Plaintiff a Notice of Right to Sue on December 20, 2007, which Plaintiff received on December 26, 2007.  The Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice.  Plaintiff has initiated this action within said ninety (90) day period.

**COUNT I – ADEA - AGE DISCRIMINATION**

7.    Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

8.    Plaintiff began working for Defendant as a Warehouse Clerk in January 1984.

9.    Throughout Plaintiff's tenure with the company, Plaintiff's performance met the legitimate expectations of Defendant, as exemplified by his longevity of employment, bonuses, and numerous awards received, including winning Defendant's "Employee of the Month" award five (5)

times.

10.      Beginning in September 2007, Defendant has treated similarly situated younger employees more favorably than Plaintiff by disciplining Plaintiff for minor or non-existent violations of corporate policy in a manner not afforded to his younger co-workers. Examples of such disparate work conditions are detailed below.

11.      Defendant's Schaumburg location is an assembly line operation that requires input from a number of employees in manufacturing a product. Based on the numerous processes that go into completing a product, errors are frequently made by its employees.

12.      Despite the frequency of these errors, Defendant has disciplined Plaintiff for minor manufacturing defects in a manner not afforded to his similarly situated younger co-workers, including Tyler Demein, approximately twenty-two (22) years old; Al Herrera, approximately in his upper thirties; Mario Alvarez, approximately in his low forties; and Zidrow, approximately in his low forties.

13.      In October 2007, Warehouse Employee Tyler Demein failed to properly process material by neglecting to have it cut it in half. Plaintiff performed further work on the product subsequent to Demein's failure to have the material properly processed. After discovering that the material was not properly processed, rather than disciplining Demein, the individual who failed to perform the required task, Defendant placed Plaintiff on a one-day suspension for purportedly not discovering the error, resulting in the first suspension in Plaintiff's twenty-four (24) year career with Defendant.

14.      In contrast to Plaintiff, on information and belief, Defendant did not suspend the employment of or substantively discipline Tyler Demein, Plaintiff's similarly situated younger co-worker.

3

15.    Approximately one month later, in November 2007, while entering data into the computer system, Plaintiff inadvertently hit "enter" before completing the entry. Plaintiff immediately discovered the error and informed his foreman, Mark Demein, of the need to correct the order and subsequently entered in the completed data.

16.    Despite promptly correcting the order, which resulted in Defendant incurring no material loss, Defendant suspended Plaintiff without pay for three (3) days for the purported reason of "key-punch errors."

17.    In contrast to Plaintiff, Defendant has not suspended or substantively disciplined Plaintiff's similarly situated younger co-workers for making similar, more numerous, or more egregious "key-punch errors."

18.    Following these two instances, as Defendant's policy allows for the termination of employees if three (3) violations are made, Plaintiff began to document all the work performed, and errors made, on a production log to ensure he would not be disciplined or terminated for the mistake of another employee.

19.    Despite Plaintiff discovering and documenting on Defendant's daily production logs the errors of his similarly situated younger co-workers, on information and belief, Defendant did not substantively discipline these employees.

20.    Rather, in a meeting on December 3, 2007, with Randy Lunt, Plant Manager; Foreman Demein; Pete LaRocco, Union Steward; and Gino Rodriguez, Business Agent, Defendant terminated Plaintiff's employment for the purported reason of "falsifying company records/documents". Specifically, Defendant accused Plaintiff of taking "credit" for the work of others in his daily production log.

21.    The daily production log is a list prepared by the employee documenting projects the

4

employee worked on during the day. Throughout his twenty-four (24) year career with Defendant, Plaintiff had been instructed to document all projects he worked on during his shift, rather than just completed projects.

22.     The transactions Plaintiff had purportedly "falsified" related to projects that Plaintiff had begun but could not complete before the end of his shift. As he could not complete these transactions, Plaintiff made proper notations evidencing the status of the projects.

23.     In the meeting, Plaintiff provided thorough evidence that he had properly documented the transactions, including presenting his daily production logs that demonstrated that Plaintiff noted the work performed by the later shift, as well as evidence on the work orders themselves that corroborated Plaintiff's claims.

24.     Prior to his termination, throughout his twenty-four (24) year career with Defendant, Plaintiff had completed his daily work orders in a comparable manner yet never had been warned or informed that it was a violation of corporate policy.

25.     On information and belief, Plaintiff's similarly situated younger co-workers also have included partially completed tasks on their daily production logs and have not been terminated or substantively disciplined.

26.     Following the termination of his employment, on information and belief, Defendant replaced Plaintiff's position, duties, and responsibilities on his assigned shift with Tyler Demein, a substantially younger employee of the age of twenty-two (22).

27.     Any reasons proffered by Defendant for terminating Plaintiff's employment are pretext for discriminating against Plaintiff on the basis of his age, fifty-four (54).

28.     The aforementioned acts and omissions of Defendant constitute unlawful and intentional discrimination against Plaintiff because of his age, fifty-four (54) years old, in violation

of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq.

29.    As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and benefits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ROBERT G. WINGO, prays for judgment against Defendant and respectfully requests that this Court:

A.    Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B.    Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of age;

C.    Order Defendant to make whole ROBERT G. WINGO by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D.    Order Defendant to pay lost, foregone, and future wages to ROBERT G. WINGO;

E.    Grant Plaintiff actual, consequential, liquidated and any other damages that the Court may deem appropriate against Defendant;

F.    Grant Plaintiff his attorney fees, costs, disbursements; and

G.    Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

30.    Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

6

Respectfully submitted,
ROBERT G. WINGO, Plaintiff,


By:  s/Lisa Kane_____
        Lisa Kane, Attorney for Plaintiff


LISA KANE & ASSOCIATES
Attorneys for Plaintiff
120 South LaSalle Street, Suite 1420
Chicago, IL 60603
(312) 606-0383
Attorney Code No. 06203093

EEOC Form 161-B (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To:  **Robert Wingo**<br>**2606 Flicker Lane**<br>**Rolling Meadows, IL 60008**<br><br>**CERTIFIED MAIL 7099 3400 0014 4054 0682** | From:  **Chicago District Office**<br>**500 West Madison St**<br>**Suite 2800**<br>**Chicago, IL 60661** |

☐  *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2008-01320 | **Jacquelyn C. Gandy,**<br>**Investigator Support Asst** | **(312) 886-5976** |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐  More than 180 days have passed since the filing of this charge.

☐  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☐  The EEOC is terminating its processing of this charge.

☐  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*John P. Rowe*

**John P. Rowe,**
**District Director**

Enclosures(s)

*12/20/2007*
*(Date Mailed)*

cc:    **COPPER & BRASS SALES**

# FILED

## JANUARY 16, 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**08 C 368**    PH

**JUDGE DER-YEGHIAYAN**
**MAGISTRATE JUDGE SCHENKIER**

**FILED**

**JANUARY 16, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**Verification**

I, ROBERT WINGO, declare under penalty of perjury that the foregoing is true and correct.

Executed on January 15, 2008.

ROBERT WINGO

PH

**08 C 368**

**JUDGE DER-YEGHIAYAN**
**MAGISTRATE JUDGE SCHENKIER**