# EXHIBIT S

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT G. WINGO, | ) |
| Plaintiff, | ) Case No. 1:08-CV-00368 |
| vs. | ) Honorable Samuel Der-Yeghiayan |
| THYSSENKRUPP MATERIALS NA, INC., d/b/a COPPER AND BRASS SALES, | ) |
| Defendant. | ) |

## DEFENDANT'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant ThyssenKrupp Materials, NA, Inc., d/b/a Copper and Brass Sales ("Copper and Brass"), through its attorneys Quarles & Brady, LLP and Honigman Miller Schwartz and Cohn, LLP (Pending Pro Hac Vice Admittance), answers Robert G. Wingo's ("Plaintiff") Complaint as follows:

### PRELIMINARY STATEMENT

1. This is an action seeking redress for the violation of rights guaranteed to Plaintiff by the Age Discrimination in Employment Act of 1967, 29 U.S.C. ¶ 621 et seq. Plaintiff seeks mandatory injunctive relief and damages to redress Defendant's discriminatory employment practices.

**ANSWER:** Defendant Copper and Brass admits only that this is a purported action under the Age Discrimination in Employment Act of 1967 ("ADEA"). Further responding, Defendant Copper and Brass denies the allegation in Plaintiff's Complaint that his rights were violated under the ADEA or that it discriminated against Plaintiff in violation of the ADEA.

### JURISDICTIONAL STATEMENT

2. Jurisdiction of the court is invoked pursuant to 28 U.S.C. §§ 1343 (a)(3) and (4) and 28 U.S.C. §§ 1331 to secure protection of and to redress deprivation of rights secured by 29 U.S.C. § 621 *et seq*. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

QBACTIVE\6081296.1

**ANSWER:** Defendant Copper and Brass admits the allegations in Paragraph 2 only to the extent that they accurately characterize the nature of the jurisdiction and the relief sought. Further responding, Defendant Copper and Brass denies that it discriminated against Plaintiff in any way protected by law or statute or otherwise violated the ADEA.

## VENUE

3.   Venue is proper under 28 U.S.C. §1391 (b)(1) and (2).

**ANSWER:** Defendant Copper and Brass admits the allegations in Paragraph 3 of Plaintiff's Complaint. Further responding, Defendant Copper and Brass denies that it discriminated against Plaintiff or otherwise violated the ADEA.

## PARTIES

4.   Plaintiff, Robert G. Wingo, is a fifty-four (54) year old United States citizen who resides in Illinois.

**ANSWER:** Defendant Copper and Brass is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiff's Complaint and, therefore, denies the allegations.

5.   Defendant, ThyssenKrupp Materials, NA, Inc., d/b/a Copper and Brass Sales, is a corporation properly recognized and sanctioned by the laws of the State of Delaware, and at all times did and continues to do so, business in Illinois. Defendant is subject to the jurisdiction of the Court as an employer within the meaning of 29 U.S.C. §630(b), as Defendant has continuously and does now employ more than twenty (20) employees and is engaged in an industry that affects commerce.

**ANSWER:** Defendant Copper and Brass admits the allegations contained in Paragraph 5 of Plaintiff's Complaint. Further responding, Defendant Copper and Brass denies that it discriminated against Plaintiff or otherwise violated the ADEA.

## PROCEDURE

6. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendant on December 14, 2007. The EEOC issued Plaintiff a Notice of Right to Sue on December 20, 2007, which Plaintiff received on December 26, 2007. The Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice. Plaintiff has initiated this action within said ninety (90) day period.

**ANSWER:** Defendant Copper and Brass admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

## COUNT I – ADEA – AGE DISCRIMINATION

7. Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

**ANSWER:** Defendant Copper and Brass incorporates by reference its response to Paragraphs 1-6 of the Complaint as if set forth fully herein.

8. Plaintiff began working for Defendant as a Warehouse Clerk in January, 1984.

**ANSWER:** Defendant Copper and Brass admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Throughout Plaintiff's tenure with the company, Plaintiff's performance met the legitimate expectations of Defendant, as exemplified by his longevity of employment, bonuses and numerous awards received, including winning Defendant's "Employee of the Month" award five (5) times.

3

QBACTIVE\6081296.1

**ANSWER:**    Defendant Copper and Brass denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.    Beginning in September 2007, Defendant has treated similarly situated younger employees more favorably than Plaintiff by disciplining Plaintiff for minor or non-existent violations of corporate policy in a manner not afforded to his younger co-workers. Examples of such disparate work conditions are detailed below.

**ANSWER:**    Defendant Copper and Brass denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.    Defendant's Schaumburg location is an assembly line operation that requires input from a number of employees in manufacturing a product. Based on the numerous processes that go into completing a product, errors are frequently made by its employees.

**ANSWER:**    Defendant Copper and Brass denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.    Despite the frequency of these errors, Defendant has disciplined Plaintiff for minor manufacturing defects in a manner not afforded to his similarly situated younger co-workers, including Tyler Demein, approximately twenty-two (22) years old; Al Herrera, approximately in his upper thirties; Mario Alvarez, approximately in his low forties; and Zidrow, approximately in his low forties.

**ANSWER:**    Defendant Copper and Brass denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.    In October 2007, Warehouse Employee Tyler Demein failed to properly process material by neglecting to have it cut in half. Plaintiff performed further work on the product subsequent to Demein's failure to have the material properly processed. After discovering that the material was not properly processed, rather than disciplining Demein, the individual who failed to perform the required task, Defendant placed Plaintiff on a one-day suspension for purportedly not discovering the error, resulting in the first suspension in Plaintiff's twenty-four (24) year career with Defendant.

**ANSWER:**    Defendant Copper and Brass denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. In contrast to Plaintiff, on information and belief, Defendant did not suspend the employment of or substantively discipline Tyler Demein, Plaintiff's similarly situated younger co-worker.

**ANSWER:** Defendant Copper and Brass denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Approximately one month later, in November, 2007, while entering data into the computer system, Plaintiff inadvertently hit "enter" before completing the entry. Plaintiff immediately discovered the error and informed his foreman, Mark Demein, of the need to correct the order and subsequently entered in the completed data.

**ANSWER:** Defendant Copper and Brass admits the allegations contained in Paragraph 15 only to the extent that Plaintiff committed an error. Further responding, Defendant Copper and Brass denies the remaining allegations.

16. Despite promptly correcting the order, which resulted in Defendant incurring no material loss, Defendant suspended Plaintiff without pay for three (3) days for the purported reason of "key-punch errors."

**ANSWER:** Defendant Copper and Brass denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. In contrast to Plaintiff, Defendant has not suspended or substantively disciplined Plaintiff's similarly situated younger co-workers for making similar, more numerous, or more egregious "key-punch errors."

**ANSWER:** Defendant Copper and Brass denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Following these two instances, as Defendant's policy allows for the termination of employees if three (3) violations are made, Plaintiff began to document all the work performed, and errors made, on a production log to ensure he would not be disciplined or terminated for the mistake of another employee.

5

QBACTIVE\6081296.1

**ANSWER:** Defendant Copper and Brass is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's Complaint and, therefore, denies the allegations.

19. Despite Plaintiff's discovering and documenting on Defendant's daily production logs the errors of his similarly situated younger co-workers, on information and belief, Defendant did not substantively discipline these employees.

**ANSWER:** Defendant Copper and Brass is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Complaint and, therefore, denies the allegations. Further responding, Defendant Copper and Brass denies that it discriminated against Plaintiff.

20. Rather, in a meeting on December 3, 2007, with Randy Lunt, Plant Manager, Foreman Demein; Pete La Rocco, Union Steward; and Gino Rodriguez, Business Agent, Defendant terminated Plaintiff's employment for the purported reason of "falsifying company records/documents". Specifically, Defendant accused Plaintiff of taking "credit" for the work of others in his daily production log.

**ANSWER:** Defendant Copper and Brass admits the allegations contained in Paragraph 20 of Plaintiff's Complaint that Plaintiff was terminated on December 3, 2007 but denies Plaintiff's allegations that the reason for his termination was purported or otherwise false.

21. The daily production log is a list prepared by the employee documenting projects the employee worked on during the day. Throughout his twenty-four (24) year career with Defendant, Plaintiff had been instructed to document all projects he worked on during his shift, rather than just completed projects.

**ANSWER:** Defendant Copper and Brass is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's Complaint and, therefore, denies the allegations.

6

QBACTIVE\6081296.1

22. The transactions Plaintiff had purportedly "falsified" related to projects that Plaintiff had begun but could not complete before the end of his shift. As he could not complete these transactions, Plaintiff made proper notations evidencing the status of his projects.

**ANSWER:** Defendant Copper and Brass denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. In the meeting, Plaintiff provided thorough evidence that he had properly documented the transactions, including presenting his daily production logs that demonstrated that Plaintiff noted the work performed by the later shift, as well as evidence on the work orders themselves that corroborated Plaintiff's claims.

**ANSWER:** Defendant Copper and Brass denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Prior to his termination, throughout his twenty-four (24) year career with Defendant, Plaintiff had completed his daily work orders in a comparable manner yet never had been warned or informed that it was a violation of corporate policy.

**ANSWER:** Defendant Copper and Brass denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. On information and belief, Plaintiff's similarly situated younger co-workers also have included partially completed tasks on their daily production logs and have not been terminated or substantively disciplined.

**ANSWER:** Defendant Copper and Brass denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Following the termination of his employment, on information and belief, Defendant replaced Plaintiff's position, duties, and responsibilities on his assigned shift with Tyler Demein, a substantially younger employee of the age of twenty-two (22).

**ANSWER:** Defendant Copper and Brass denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

7

27. Any reasons proffered by Defendant for terminating Plaintiff's employment are pretext for discriminating against Plaintiff on the basis of his age, fifty-four (54).

**ANSWER:** Defendant Copper and Brass denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. The aforementioned acts and omissions of Defendant constitute unlawful and intentional discrimination against Plaintiff because of his age, fifty-four (54) years old, in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621 et seq.

**ANSWER:** Defendant Copper and Brass denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and benefits.

**ANSWER:** Defendant Copper and Brass denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

### PRAYER FOR RELIEF

Plaintiff, Robert G. Wingo, prays for judgment against Defendant and respectfully requests that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation from them, from engaging in any employment practice which unlawfully discriminates on the basis of age;

C. Order Defendant to make whole Robert G. Wingo by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Order Defendant to pay lost, foregone and future wages to Robert G. Wingo;

E.   Grant Plaintiff actual, consequential, liquidated and any other damages that he Court may deem appropriate against Defendant;

F.   Grant Plaintiff his attorney fees, costs, disbursements; and

G.   Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

**ANSWER:**   Defendant Copper and Brass denies that Plaintiff is entitled to any relief and thus denies the allegations in the unnumbered WHEREFORE paragraph. Further answering, Defendant Copper and Brass denies that it discriminated against Plaintiff in any way protected by law or statute.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The allegations of the Complaint fail to state a claim upon which relief can be granted.

WHEREFORE, having fully answered, Defendant Copper and Brass requests that this Court dismiss the Complaint and award Defendant Copper and Brass its costs, including attorneys' fees and other relief the Court deems just.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is barred from any recovery because he has failed to exercise reasonable efforts to mitigate this alleged damages.

WHEREFORE, having fully answered, Defendant Copper and Brass requests that this Court dismiss the Complaint and award Defendant Copper and Brass its costs, including attorneys' fees and other relief the Court deems just.

QBACTIVE\6081296.1

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

WHEREFORE, having fully answered, Defendant Copper and Brass requests that this Court dismiss the Complaint and award Defendant Copper and Brass its costs, including attorneys' fees and other relief the Court deems just.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is barred from asserting any claim for punitive damages since any alleged discriminatory conduct would be contrary to Defendant Copper and Brass anti-discrimination policies, programs and procedures, all of which constitute good faith efforts to comply with the applicable federal laws.

WHEREFORE, having fully answered, Defendant Copper and Brass requests that this Court dismiss the Complaint and award Defendant Copper and Brass its costs, including attorneys fees and other relief the Court deems just.

Dated: February 11, 2008

Respectfully submitted,

HONIGMAN MILLER SCHWARTZ AND COHN LLP

By: /s/ *Russell S. Linden*
Russell S. Linden, Esq. (P34863)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
(313) 465-7466


By: /s/ *Jeffrey S. Piell*
Jeffrey S. Piell
Quarles & Brady LLP
500 West Madison Street
Suite 3700
Chicago, IL 60661
(312) 715-5216
jpiell@quarles.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on February 11, 2008, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

> Lisa Kane & Associates, P.C.
> 120 South LaSalle Street, Suite 1420
> Chicago, IL 60603
> Email: lisakane@sbcglobal.net

/s/ Jeffrey S. Piell