# EXHIBIT B

# HONIGMAN

Honigman Miller Schwartz and Cohn LLP
Attorneys and Counselors

Russell S. Linden

(313) 465-7466
Fax: (313) 465-7467
rlinden@honigman.com

*Via Facsimile and Federal Express Mail*

May 12, 2008

Ms. Lisa Kane, Esq.
Lisa Kane & Associates, P.C.
120 South LaSalle Street, Ste. 1420
Chicago, IL 60603

Re:   *Robert G. Wingo v. ThyssenKrupp Materials, et al.*

Dear Ms. Kane:

This letter is in response to your May 6, 2008 correspondence pertaining to Defendants' responses to Plaintiff's Interrogatories and First Request for Production of Documents. While disagreeing with many of your contentions, enclosed are supplemental responses and additional documents responsive to those discovery requests. In addition, your letter states that the responses were received "almost two weeks late." As you know, you had granted a two week extension of time to file responses to that discovery and thus, those responses were timely. This letter otherwise addresses the various issues raised in your correspondence.

**Plaintiff's Requests for Production of Documents**

Your May 6 correspondence requests that the produced documents be specifically identified in response to document requests numbers 1, 19, 20, and 27. As you will see, the supplemental responses provided with this letter have accomplished that task. In reference to document request number 10, provided with this letter and the supplemental responses are additional documents in the form of work rules, handbook, and collective bargaining agreement. As concerns request numbers 24 and 30, supplemental responses as well as documents are provided with this letter.

In request numbers 2 through 8, you have requested a voluminous number of personnel files. Subject to an entry of a protective order, documents responsive to requests 2, 3, 4, 6 and 7 will be produced at a mutually-convenient date and time. For your review, I have enclosed a proposed stipulated protective order. For your information, there is no employee by the name of Zidrow, who is the subject of your request number 5. Copper and Brass believes its objections to request number 8 are meritorious.

In your request numbers 11, 13, 14, 15, 16 and 17, you have requested documents pertaining to complaints involving certain specified individuals. Again, Copper and Brass believes its objections are meritorious with respect to those requests. Furthermore, as there is no employee by the name of Zidrow, no documents responsive to request number 16 exist.

2290 First National Building · 660 Woodward Avenue · Detroit, Michigan 48226-3506
*Detroit · Lansing · Oakland County · Ann Arbor*

# HONIGMAN

Ms. Lisa Kane, Esq.
May 12, 2008
Page 2

In your request numbers 25 and 26, you seek documents pertaining to any claims, grievances, charges, and causes of action filed against Defendant "relating to age discrimination" and any documents "relating to any inquiries and investigations conducted by Defendant . . . as a result of any formal or informal complaint relating to age discrimination." Again, Copper and Brass submits that its objections are meritorious and no such documents will be produced at this point.

While your request number 8 remains vague and ambiguous, as noted in Copper and Brass' objections, documents are being provided under cover of this letter as part of its supplemental response. Similarly, Plaintiff's production logs relating to his termination are being provided in response to request number 31. Copper and Brass otherwise submits that its objections to request numbers 32 and 37 are meritorious and no documents shall be produced at this point.

**Plaintiff's Interrogatories**

Documents previously produced are specifically identified in the supplemental responses to interrogatories numbers 5, 6 and 10. In addition, documents are identified as being responsive to interrogatories numbers 4, 8 and 9.

Your letter requests that supplementation be provided with regard to the ages of Randy Lunt, Mark Demien, and Pete Lorocco. Those ages are provided in the supplemental responses.

The supplemental response to interrogatory number 7 has provided a job description for the warehouse clerk position. Similarly, documentation has been provided as a supplemental response to interrogatory number 12.

Interrogatory number 14 sought information concerning complaints of age discrimination. Copper and Brass believes its objection to that interrogatory is meritorious and consequently, no additional information is being provided at this point.

In interrogatories 15, 16, 17 and 18, Plaintiff is requesting information regarding discipline given to four employees. Documents are being provided in the supplemental response with the exception of the non-existent employee by the name of Zidrow.

Finally, you take issue with Copper and Brass' response to interrogatory number 19 which seeks information concerning complaints made against Mark Demien. Copper and Brass believes its objections are meritorious in that regard. Consequently, no such information will be provided.

# HONIGMAN

Ms. Lisa Kane, Esq.
May 12, 2008
Page 3

       Should you wish to discuss these matters, please contact me at your earliest convenience.

                Sincerely,

                HONIGMAN MILLER SCHWARTZ AND COHN LLP

                Russell S. Linden

Enclosures
DETROIT.3116816.1