# EXHIBIT C

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 1999 WL 65051 (N.D.Ill.)
**1999 WL 65051 (N.D.Ill.)**

Page 1

**H**
Dunn v. Old Republic Life Insurance Co.
N.D.Ill.,1999.
Only the Westlaw citation is currently available.
United States District Court, N.D. Illinois, Eastern Division.
Jacqueline DUNN, Plaintiff,
v.
OLD REPUBLIC LIFE INSURANCE COMPANY, Defendant.
**No. 97 C 4994.**

Feb. 5, 1999.

### MEMORANDUM OPINION AND ORDER

MORAN, J.
*1 Jacqueline Dunn ("Dunn") has sued defendant Old Republic Life Insurance Company ("Old Republic") for alleged religious and racial discrimination in violation of Title VII, 42 U.S.C. § 2000e *et seq.* The case is before the Court on Old Republic's Fed.R.Civ.P. 56(c) motion for summary judgment. For the reasons set forth below, the motion is granted.

### Facts

Dunn, an African American, was hired by old Republic as a file clerk on April 11, 1988. (Pl.'s Local Gen. R. ("Rule") 12(N)(3)(a) Stmt. ¶¶ 3-4.) In June 1990, she requested, and was granted, a transfer to the position of receptionist. (*Id.* ¶ 6.) Dunn worked as a receptionist until August 7, 1991. (*Id.* ¶ 8.)

In August 1991, Dunn requested two weeks vacation in late September and early October to attend a religious convention. (*Id.* ¶ 10.)Her supervisor, Ann Murphy, denied the request because receptionists were only able to take vacations of that length during the summer months. (*Id.* ¶ 11.)Murphy suggested, however, that Dunn consider transferring to another department that had more vacation scheduling flexibility. (*Id.* ¶ 12.)Dunn did just that and on August 8, 1991, her request to transfer to the position of mail clerk was granted by Murphy. (*Id.* ¶¶ 13-14.)Plaintiff was allowed to attend the religious convention in 1991 and every other year in which she was employed by Old Republic. (*Id.* ¶¶ 16-17.)

Dunn worked in the mail clerk position from August 1991 until she was terminated on January 31, 1997. (*Id.* ¶ 22.)Throughout that time her supervisor was Lina Reyes. (*Id.* ¶ 24.)The parties agree that Dunn's duties as a mail clerk included opening, sorting and stamping the mail. (*Id.* ¶ 31.)Old Republic contends that she was given the additional duty of paying bills in late 1996. (Def.'s Rule 12(M) Stmt. ¶ 32.) Dunn claims that she was assigned to pay bills only when her regular work load was low. (Pl.'s Rule 12(N)(3)(a) Stmt. ¶ 32.) The parties agree, however, that a number of bills were sent to Dunn in early 1997 and instead of paying them, or telling Reyes she had no time to do so, Dunn piled them in a stack, and later, put the stack in a box.(*Id.* ¶¶ 86-87.)Sometime thereafter, Reyes discovered the unpaid bills and Dunn was terminated. (*Id.* ¶¶ 92, 96-104.)Dunn claims that her race was the real reason for her termination.

### The Legal Standard

To prevail on a summary judgment motion, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [must] show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."Fed.R.Civ.P. 56(c). At this stage, we do not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). We view all evidence and the inferences from it in the light most favorable to the non-moving party. *Karazanos v. Navistar Int'l Transp. Corp.,* 948 F.2d 332, 335 (7th Cir.1991) (citing *Lohorn v. Michal,* 913 F.2d 327, 331 (7th

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  Page 2
Not Reported in F.Supp.2d, 1999 WL 65051 (N.D.Ill.)
**1999 WL 65051 (N.D.Ill.)**

Cir.1990))."Summary judgment is only appropriate when the record reveals that no reasonable jury could find for the nonmoving party."*Karazanos,* 948 F.2d at 335 (citing *Doe v. Allied Signal, Inc.,* 925 F.2d 1007, 1008 (7th Cir.1991)).

*Discussion*

*Religious Discrimination*

*2 Old Republic argues that it is entitled to judgment on Dunn's religious discrimination claim for two reasons: (1) it is time-barred; and (2) Dunn suffered no adverse employment action because of her religious beliefs. The Court agrees.[FN1] To preserve her claim, Dunn had to file a charge of religious discrimination with the EEOC within 300 days after the allegedly discriminatory act occurred. *Sofferin v. American Airlines, Inc.,* 923 F.2d 552, 553 (7th Cir.1991). The allegedly discriminatory act was the denial of her vacation request, which occurred in August 1991. (Pl.'s Rule 12(N)(3)(a) Stmt. ¶¶ 10-11.) Dunn did not file a charge with the EEOC until March 1997, more than five years later. (*Id.* ¶ 120.) Thus, Dunn's religious discrimination claim is time-barred.

> FN1. Dunn does not dispute that Old Republic is entitled to judgment as a matter of law on her religious discrimination claim. (*See* Pl.'s Mem. Opp'n Def.'s Mot. Summ. J. at 4.)

Even if it were timely, Old Republic would still be entitled to judgment on this claim. To make a *prima facie* case of religious discrimination, an employee must show that: "(1) a bona fide religious practice conflicts with an employment requirement, (2) he or she brought the practice to the employer's attention, and (3) the religious practice was the basis for the adverse employment [action] ."*EEOC v. United Parcel Serv.,* 94 F.3d 314, 317 (7th Cir.1996). An adverse employment action is one that causes a materially adverse change in the terms or conditions of employment. *Spring v. Sheboygan Area Sch. Dist.,* 865 F.2d 883, 885 (7th Cir.1989)."A materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation."*Crady v. Liberty Nat'l Bank & Trust Co.,* 993 F.2d 132, 136 (7th Cir.1993). It is undisputed that Dunn did not suffer an adverse employment action in response to her request to take vacation time to attend the religious convention. (Pl.'s Rule 12(N)(3)(a) Stmt. ¶ 19.) Accordingly, Old Republic is entitled to judgment on the religious discrimination claim she asserted against it.

*Race Discrimination*

To defeat this motion on her second claim, Dunn must raise a genuine issue of fact that she was the victim of race discrimination. She can accomplish this task in one of two ways: by presenting direct evidence of Old Republic's discriminatory intent or by complying with the indirect, burden-shifting method of proof articulated in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973).*Chiaramonte v. Fashion Bed Group,* 129 F.3d 391, 396 (7th Cir.1997), *cert. denied,* 118 S.Ct. 1795 (1998). Dunn has not submitted any direct evidence of discrimination. Consequently, she must satisfy the indirect method if her race claim is to survive this motion.

To do so, Dunn must first establish a *prima facie* case of race discrimination by showing that: (1) she is a member of a protected class; (2) she was meeting her employer's legitimate expectations; (3) she suffered an adverse employment action; and (4) defendant treated similarly situated non-African-American employees more favorably. *Bratton v. Roadway Package System, Inc.,* 77 F.3d 168, 176 (7th Cir.1996).

*3 Old Republic claims that Dunn has not established the second element, that she was meeting its

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 1999 WL 65051 (N.D.Ill.)  
**1999 WL 65051 (N.D.Ill.)**

Page 3

legitimate expectations. We agree. As Dunn admits, Reyes "considered paying bills to be part" of Dunn's job duties.[FN2] (Pl.'s Rule 12(N)(3)(a) Stmt. ¶ 33.) Moreover, Dunn concedes that a large number of bills were routed to her for payment in early 1997, that she neither paid them nor alerted Reyes to the fact that they were not being paid and that she did not ask for assistance in paying them, though she knew it was available. (Pl.'s Rule 12(N)(3)(a) Stmt. ¶¶ 80-82, 86-87, 89-90.) Instead, she piled the bills in a stack on her desk, and later, put the stack in a box.(*Id.* ¶ 86.)Reyes discovered the bills some weeks later. (*Id.* ¶¶ 92-93.)Because of the unpaid bills, Old Republic terminated Dunn "for neglecting her job duties and failing to follow the instructions of her supervisors."(*Id.* ¶¶ 92, 96-104.)[FN3]

> FN2. This admission vitiates Dunn's claim that she was required to pay bills only when the rest of her workload was low. (Pl.'s Rule 12(N)(3)(a) Stmt. ¶ 32.)
>
> FN3. Though Old Republic claims to have terminated Dunn because of the unpaid bills, it is undisputed that Dunn had previously been criticized for untimely and substandard work. (*See* Def.'s Rule 12(M) ¶¶ 96-104; *id.,* Ex. C, Dunn Dep. at 139-41; Def.'s Resp. Pl.'s Rule 12(N)(3)(b) Stmt. ¶ 123; Pl.'s Rule 12(N)(3)(a) Stmt. ¶¶ 65, 67-76.)

In short, the record reveals that paying bills was one of Dunn's job duties in late 1996 and early 1997 and that she failed to perform it to Old Republic's satisfaction. As a result, she has not established the second element of her *prima facie* case, that she was meeting Old Republic's legitimate expectations at the time she was terminated. Old Republic is, therefore, entitled to judgment as a matter of law on Dunn's race claim.

Even if Dunn had satisfied the second element of the *prima facie* case, she could still not defeat this motion because she has produced no facts to suggest that similarly situated non-African-American employees were treated more favorably than she. Employees are similarly situated only if all relevant aspects of their employment situation are "nearly identical." *Pierce v. Commonwealth Life Ins. Co.,* 40 F.3d 796, 802 (6th Cir.1994); *Blackwell v. Bob Evans Farms, Inc.,* No. 94 C 7703, 1996 WL 406654, at *4 (N.D.Ill. July 17, 1996) (same). The employee to whom Dunn argues she was similarly situated is Laura Pozniak, a white mail clerk supervised by Reyes. (Pl.'s Rule 12(N)(3)(a) Stmt. ¶¶ 23-25.) As Dunn admits, however, the relevant aspects of Pozniak's employment situation were not nearly identical to Dunn's because Pozniak had different job duties. (*Id.* ¶¶ 35-37.)Moreover, even if Pozniak's job **duties** were the **same** as Dunn's the two women would still not be **situated similarly**. There is no evidence that Pozniak, like Dunn, was charged by Old Republic with neglecting her duties, or with any other transgression real or imagined, but was allowed to remain on staff.[FN4] Because the record does not reflect that Pozniak failed to meet Old Republic's performance expectations, legitimate or otherwise, but was not terminated, Dunn has not satisfied the last element of her *prima facie* case. Old Republic is, therefore, entitled to judgment as a matter of law on Dunn's race discrimination claim.

> FN4. The fact that Pozniak's performance evaluations for 1995 and 1996 were slightly lower than Dunn's for the same years does not indicate any misconduct. On the contrary, Pozniak's overall evaluations of 3.8 and 3.7 place her performance between "satisfactory" and "good" on Old Republic's performance rating scale. (*See* Pl.'s Rule 12(N) Stmt., Ex. 2.)

*Conclusion*

For the reasons set forth above, there is no genuine issue of material fact on Dunn's Title VII claims and Old Republic is entitled to judgment as a matter of law. Accordingly, Old Republic's motion for summary judgment is granted. This is a final and

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

Page 5 of 5

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 1999 WL 65051 (N.D.Ill.)  
**1999 WL 65051 (N.D.Ill.)**

Page 4

appealable order.

N.D.Ill.,1999.
Dunn v. Old Republic Life Ins. Co.
Not Reported in F.Supp.2d, 1999 WL 65051 (N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.