# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT G. WINGO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:08:CV-00368 |
| ) | |
| THYSSENKRUPP MATERIALS NA, INC., ) | Honorable Samuel Der-Yeghiayan |
| d/b/a COPPER and BRASS SALES, INC. ) | Magistrate Judge Schenkier |
| ) | |
| Defendant. ) | |
| ) | |

### DECLARATION OF PETE LAROCCO

STATE OF ILLINOIS        )
                         )ss
COUNTY OF COOK           )

I, Pete LaRocco, state, based on my personal knowledge, that I am competent to testify as follows:

1. Since 1978, I have been employed at ThyssenKrupp Materials NA, Inc., d/b/a Copper and Brass Sales, Inc.'s ("Copper and Brass" or "the Company") warehouse facility located in Schaumburg, Illinois, and I am currently a lead machine operator.

2. My responsibilities also include serving as the union steward for the Company's hourly warehouse employees pursuant to a collective bargaining agreement between Copper and Brass and Teamsters Local 714 ("the Collective Bargaining Agreement").

3. Plaintiff Robert Wingo ("Plaintiff") was employed as a warehouse clerk at Schaumburg from 1984 until his termination on December 3, 2007.

4. An employee who makes a verbal complaint about an incident at the Company is not the same thing as filing a formal, written grievance under the Collective Bargaining Agreement.

5. Plaintiff never filed a formal, written grievance under the Collective Bargaining Agreement in connection with his August 30, 2007 allegations.

6. During Plaintiff's employment, I never told him that he is "a dead man."

I declare under penalty of perjury that that the foregoing is true and correct. Further Declarant sayeth not.

*[signature]*

Pete LaRocco

Dated: August 8, 2008

DETROIT 3259818 1

2